UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

REGINALD TOSH JACKSON,    )  Case No. CV 18-3798 JVS(JC)
                     )
        Petitioner,  )
                     )  ORDER TO SHOW CAUSE WHY
        v.            )  THIS ACTION SHOULD NOT BE
                     )  DISMISSED AS TIME-BARRED
DEAN BORDERS,         )
                     )
        Respondent.  )
                     )

On April 30, 2018, petitioner constructively filed a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition") and a supporting brief ("Petition Memo") with exhibits ("Petition Exhibits" or "Petition Ex."), which were formally filed on May 7, 2018.[1] Petitioner, who pleaded guilty to gross vehicular manslaughter while intoxicated

---

[1]See Houston v. Lack, 487 U.S. 266, 276, (1988). Petitioner signed the Petition on April 29, 2018, but signed the Petition Memo on April 30, 2018. Both were contained within an envelope which bears petitioner's initials and the date April 30, 2018 on the seal, essentially reflecting that he provided such items to prison authorities for mailing on such date. The envelope is post-marked May 1, 2018, and the foregoing documents were received and lodged by the Clerk on May 4, 2018. As the pages of the Petition (Docket No. 1) and the Petition Memo (Docket No. 2) are not sequentially numbered, the Court refers to the page numbers reflected in the Case Management/Electronic Case Filing System (CM/ECF).

(count 2), driving under the influence and causing great bodily injury (count 3), and driving under the influence with a blood alcohol level exceeding .08% and causing injury (count 4), and was sentenced to at least 17 years in prison in Los Angeles County Superior Court Case No. TA118295, appears to challenge such conviction and sentence on multiple grounds.[2] (Petition at 1, 5; Petition Memo at 5; Petition Exs. A, B). Construed liberally (see supra note 2), the Petition and Petition Memo appear to claim: (1) petitioner could not have plead to or been convicted of gross vehicular manslaughter because the pertinent statute requires a willful intent or negligence; (2) petitioner was improperly sentenced to an upper term sentence without a finding of cause in violation of state law; (3) petitioner could not have been lawfully charged with counts 3 and 4 because the pertinent statute requires that petitioner "personally" inflict great bodily injury and "it can [sic] proven that the petitioner had the intent to do so[]"; (4) petitioner was improperly sentenced to an indeterminate upper term sentence without cause in violation of the Sixth Amendment; and (5) the sentencing court failed properly to credit petitioner with his "good time" credits. (Petition at 5; Petition Memo at 5).

Based upon the Petition, the Petition Memo, the Petition Exhibits, and California state court records as to which the Court has taken judicial notice,[3] and

---

[2]Although the Petition reflects that petitioner was sentenced to 17 years in state prison on May 23, 2013, Petition Exhibit 2 reflects that petitioner was sentenced to 17 years and 8 months in prison on October 24, 2012. (Petition at 1; Petition Ex. 2). It is not entirely clear whether petitioner intends to raise a single sentencing claim or to assert multiple claims challenging his conviction and sentence. Compare Petition at 5 (asserting single sentencing claim) with Petition Memo at 5 (asserting five claims challenging his conviction and sentence). The Court liberally construes the Petition and Petition Memo to assert the five claims articulated in the Petition Memo.

[3]The Court takes judicial notice of the docket of California Supreme Court Case No. S246650 available via http://appellatecases.courtinfo.ca.gov, and of the absence in such database of any other records reflecting that petitioner has challenged the judgment in issue in the California Court of Appeal or the California Supreme Court in any way (e.g., direct appeal, habeas petition). See Fed. R. Evid. 201; Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take

(continued...)

2

for the reasons discussed below, the Court orders petitioner to show cause why the

Petition should not be dismissed as time-barred.

Pursuant to 28 U.S.C. § 2244(d), a one-year statute of limitations applies to a petition for a writ of habeas corpus by a person in state custody. The limitation period runs from the latest of: (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

In this case, it appears that petitioner had one year from the date his conviction became final to file a federal habeas petition as all of his claims appear to be based on facts relating to his guilty plea and sentencing which would have been contemporaneously known to him. As the record does not reflect that

---

[3](...continued)
judicial notice of undisputed matters of public record including documents on file in federal or state courts). The docket of California Supreme Court Case No. S246650 reflects that on January 22, 2018, petitioner filed a petition for writ of habeas corpus in such court, and that on April 19, 2018, the California Supreme Court denied such petition, stating (with original parenthesis and brackets):

> The petition for writ of habeas corpus is denied. (See In re Robbins (1998) 18 Cal. 4th 770, 780 [courts will not entertain habeas corpus claims that are untimely].) Individual claims are denied, as applicable. (See People v. Duvall (1995) 9 Cal. 4th 464, 474 [a petition for writ of habeas corpus must include copies of reasonably available documentary evidence]; In re Dixon (1953) 41 Cal. 2d 756, 759 [courts will not entertain habeas corpus claims that could have been, but were not, raised on appeal]; In re Lindley (1947) 29 Cal. 2d 709, 723 [courts will not entertain habeas corpus claims that attack the sufficiency of the evidence].)

petitioner pursued a direct appeal (see Petition at 2-3), petitioner's conviction became final no later than July 22, 2013 – sixty days after he says he was sentenced on May 23, 2013 – when the time to appeal would have expired. See Cal. R. Ct. 8.308(a). See supra note 2 (noting earlier, October 24, 2012, sentencing date reflected on Petition Ex. B). Therefore, the statute of limitations commenced to run no later than July 23, 2013, and absent tolling, expired no later than July 22, 2014.

Title 28 U.S.C. § 2244(d)(2) provides that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year statute of limitations period. Petitioner "bears the burden of proving that the statute of limitations was tolled." Banjo v. Ayers, 614 F.3d 964, 967 (9th Cir. 2010), cert. denied, 131 S. Ct. 3023 (2011). The statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case pending during that interval. Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010) (citations omitted). The record does not reflect that petitioner either filed, or had pending any state habeas petition during the period in which the statute of limitations was running – July 23, 2013 to July 22, 2014. Rather, it appears that petitioner commenced seeking state habeas relief on or about January 22, 2018 – more than three years later – when he filed a habeas petition in the California Supreme Court. (Petition at 6); see supra note 3. Petitioner's late-filed state habeas petition cannot toll the statute of limitations. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.) (section 2244(d) does not permit reinitiation of limitations period that ended before state petition filed), cert. denied, 540 U.S. 924 (2003). Consequently, it does not appear that statutory tolling can render the Petition timely filed.

In addition to statutory tolling, the limitations period may also be subject to equitable tolling if petitioner can demonstrate both that: (1) he has been pursuing

his rights diligently; and (2) some extraordinary circumstance stood in his way. Holland v. Florida, 560 U.S. 631, 649 (2010). It is a petitioner's burden to demonstrate that he is entitled to equitable tolling. Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir.), cert. denied, 537 U.S. 1003 (2002). To date, it does not appear from the face of the Petition, the Petition Memo, the Petition Exhibits, or the current record that petitioner has met such burden.

Finally, in rare and extraordinary cases, a plea of actual innocence can serve as a gateway through which a petitioner may pass to overcome the statute of limitations otherwise applicable to federal habeas petitions. McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013); see also Lee v. Lampert, 653 F.3d 929, 934-37 (9th Cir. 2011) (en banc). "[A] petitioner does not meet the threshold requirement unless he [or she] persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him [or her] guilty beyond a reasonable doubt." Id. (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). In order to make a credible claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." Schlup, 513 U.S. at 324. The habeas court then "consider[s] all the evidence, old and new, incriminating and exculpatory, admissible at trial or not." Lee, 653 F.3d at 938 (internal quotations omitted; citing House v. Bell, 547 U.S. 518, 538 (2006)). On this record, the court "must make a 'probabilistic determination about what reasonable, properly instructed jurors would do.'" House, 547 U.S. at 538 (quoting Schlup, 513 U.S. at 329). Unexplained or unjustified delay in presenting new evidence is a "factor in determining whether actual innocence has been reliably shown." Perkins, 133 S. Ct. at 1928, 1935; Schlup, 513 U.S. at 332 ("A court may consider how the timing of the submission and the likely credibility of a [petitioner's] affiants bear on the probable reliability of . . . evidence [of actual

innocence]."). Petitioner has thus far failed to identify any such "newly discovered evidence," let alone, provide new, reliable evidence to cast doubt on his conviction so as to permit the Court to consider his apparently otherwise time-barred claims. Indeed, his guilty plea would seriously undermine any contention that he is actually innocent of the offenses of conviction. See Johnson v. Medina, 547 Fed. Appx. 880, 885 (9th Cir. 2013) (petitioner's plea "simply undermine[d]" his claim of actual innocence); Chestang v. Sisto, 522 Fed. Appx. 389, 390 (9th Cir.) (guilty plea seriously undermines claim of actual innocence), cert. denied, 571 U.S. 1012 (2013).

For the reasons discussed above, 28 U.S.C. § 2244(d)(1) appears to bar this action. Petitioner is therefore ORDERED TO SHOW CAUSE by not later than **May 30, 2018**, why this action should not be dismissed as time-barred. Petitioner is advised that he has the right to submit declarations, affidavits, or any other relevant evidentiary materials with his response to this Order to Show Cause. All affidavits and declarations must be signed under penalty of perjury by persons having personal knowledge of the facts stated in the affidavits or declarations.

Instead of filing a response to the instant Order to Show Cause, petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). If he elects to proceed in that manner, he may sign and return the attached Notice of Dismissal. However, petitioner is advised that any dismissed claims may later be subject to dismissal with prejudice as time-barred under 28 U.S.C. § 2244(d)(1).

///
///
///
///
///
///

6

1     **Petitioner is cautioned that the failure timely to respond to this Order**

2 **to Show Cause and/or to show good cause may result in the dismissal of this**

3 **action based upon petitioner's claims being time-barred, petitioner's failure**

4 **to comply with the Court's orders, and/or petitioner's failure to prosecute.**

5     IT IS SO ORDERED.[4]

6 DATED: May 10, 2018

7

8                              /s/

9                              Honorable Jacqueline Chooljian
                             UNITED STATES MAGISTRATE JUDGE

10

11 Attachment

12

13

14

15

16

17

18

19

20

21

22

23

24     [4]The Court's determinations and order herein constitute non-dispositive rulings on pretrial

25 matters. To the extent a party disagrees with such non-dispositive rulings, such party may file a
motion for review by the assigned District Judge within fourteen (14) days. See Local Rule 72-2.1.

26 To the extent a party believes the rulings to be dispositive, rather than non-dispositive, such party

27 has the right to object to this Court's determination that the rulings are non-dispositive within
fourteen (14) days. A party will be foreclosed from challenging the rulings herein if such party does

28 not seek review thereof, or object thereto.